

*STATE OF NEW JERSEY*

| | | |
|---|---|---|
| **MIKIE SHERRILL**<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL | **JENNIFER DAVENPORT**<br>*Attorney General* |
| **DR. DALE G. CALDWELL**<br>*Lt. Governor* | PO BOX 080<br>TRENTON, NJ  08625-0080 | **JEREMY M. FEIGENBAUM**<br>*Solicitor General* |

June 10, 2026

**<u>VIA ECF</u>**

Honorable Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Courtroom 4E
Trenton, New Jersey 08608

> **Re:    *United States of America v. New Jersey, et al.*, No. 26-cv-04862**

Dear Judge Kirsch:

Under Your Honor's individual rules and procedures, Defendants—the State of New Jersey and certain state officials and entities—write to request a pre-motion conference before moving to dismiss the complaint. If the Court determines that a pre-motion conference is unnecessary and directs the parties to proceed with briefing, the State requests at least two weeks from the date of any such order to file its moving papers.

## I.    Background

This lawsuit is the latest in a series of attempts by the Federal Government to unconstitutionally interfere with how States across the country choose to administer their public education systems. The Complaint alleges that New Jersey's public universities—like others around the country—charge both "in-state" and "out-of-state" tuition. But in-state tuition, under state law, is not actually limited to New Jersey residents. Instead, under a 13-year-old statute signed into law by Governor Christie, a student qualifies for in-state tuition if they have (1) attended high school in New Jersey for at least three years, (2) graduated from high school (or the equivalent) in New Jersey, (3) enrolled at a public university in New Jersey, and (4) filed an affidavit affirming an intent to legalize immigration status as soon as eligible if lacking lawful status. *See* N.J. Stat. Ann. §§ 18A:62-4.4, 18A:71B-2.1; N.J. Admin. Code §§ 9A:5-3.1, 9A:9-2.3 (collectively, the Dream Act).

The Dream Act therefore reflects New Jersey's longstanding choices about how to allocate its own financial and educational resources. *See Epperson v. Arkansas*, 393 U.S. 97, 104 (1968) ("By and large, public education in our Nation is committed to the control of state and local authorities."); *United States v. Lopez*, 514 U.S. 549, 580 (1995) (Kennedy, J., concurring)

("[I]t is well established that education is a traditional concern of the States."). Yet now, over a decade later, the Federal Government has sued, claiming the Dream Act is preempted primarily by 8 U.S.C. § 1623(a), which provides that "an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State" for "any postsecondary education benefit unless a citizen or national of the United States is eligible" without regard "to whether the citizen or national is such a resident." *See* Compl. ¶¶ 68-83, ECF No. 1. This is not the first time the Federal Government has attempted to wield § 1623 against a State: it has sued other States like Minnesota and Illinois with similar laws. *See, e.g.,* Compl., *United States v. Illinois*, No. 25-1691 (S.D. Ill. filed Sept. 2, 2025). But where contested, its challenges have failed. *See, e.g., United States v. Walz*, --- F. Supp. 3d ---, 2026 WL 851231, at *11 (D. Minn. Mar. 27, 2026). This case should meet the same fate.

## II.    Discussion

The State's motion will seek dismissal for failure to state a claim. While the Federal Government asserts that 8 U.S.C. § 1623 preempts the Dream Act, its claims are fatally flawed for multiple reasons.

Initially, § 1623 is not a valid preemption provision at all. A "federal statute that does not regulate private actors cannot serve as the basis for preemption." *Ocean County v. Att'y Gen. of New Jersey*, 8 F.4th 176, 182 (3d Cir. 2021). Section 1623 does not govern who may accept these tuition benefits; instead, the statute governs who may be made *eligible* for such benefits. That operates exclusively on the States, rather than private parties. After all, although § 1623 "does not specify *who*" is prohibited from making undocumented students eligible for such education benefits, only States make such eligibility determinations. *See id.* No undocumented student created the Dream Act's tuition eligibility criteria. Nor do any private universities offer tuition benefits under its terms. So § 1623 solely targets States. This runs into another problem: § 1623 instructs the States that they must not make undocumented students eligible for postsecondary education benefits unless they satisfy the Federal Government's conditions. *See* Compl. ¶ 19. That commandeers the States in violation of the constitutional structure and the Tenth Amendment. *See New York v. United States*, 505 U.S. 144, 166 (1992). For either or both reasons, just like the immigration statute at issue in the Third Circuit's *Ocean County* decision, § 1623 is not the sort of provision that can preempt a state statute.

The Federal Government's preemption claim fails for other reasons too. Section 1623 indicates that a person unlawfully present in the United States is not eligible "on the basis of residence within a State" for "any postsecondary education benefit" unless "a citizen or national" of the United States is eligible without regard to whether that person is such a resident. 8 U.S.C. § 1623(a). But, as the sole district court to adjudicate these claims has found in a thoughtful and detailed opinion, the Dream Act does not in fact provide in-state tuition "on the basis of residence." *See* 8 U.S.C. § 1101(a)(33) (defining "residence," for § 1623 purposes, as the "principal, actual dwelling place in fact"); *United States v. Walz*, --- F. Supp. 3d ---, 2026 WL 851231, at *8 (D. Minn. Mar. 27, 2026). It instead provides in-state tuition



primarily based on high school attendance. That includes an out-of-state student who attended a New Jersey boarding school, a student who graduated from high school in New Jersey and then moved to another State, and an out-of-state student who served in the military and merely attends a New Jersey college. *See* N.J. Stat. Ann. § 18A:62-4.1b. In other words, "[w]hile these criteria certainly require some connection to" New Jersey, they do not require New Jersey residency and therefore do not run afoul of § 1623. *Walz*, 2026 WL 851231, at *8. And there is a second independent problem too, as the same district court opinion found: an out-of-state citizen can be eligible for in-state tuition on the same terms as an undocumented student, "so § 1623 still lacks preemptive effect." *Id.* at *10.

In-state tuition itself is also not a "postsecondary education benefit." 8 U.S.C. § 1623(a). Federal law defines a "State or local public benefit" as any "postsecondary education" or "any other similar benefit for which payments or assistance are provided to an individual" by "a State or local government." 8 U.S.C. § 1621(c)(1)(B). Benefits, then, require "payments" or "assistance," not mere differential pricing. In fact, the statute groups "postsecondary education" benefits with "retirement, welfare, health, disability, public or assisted housing," "food assistance," and "unemployment benefit[s]," all of which provide for affirmative payments by States or localities. That reading also makes sense with § 1623's structure: it contemplates that postsecondary education benefits will have an "amount, duration, and scope." But those terms can only be sensibly applied to monetary and other similar forms of assistance. Tuition payments, in contrast, are paid by the student, not the State.

Nor does 8 U.S.C. § 1621(d) have any preemptive effect. That provision, the Federal Government claims, restricts *States* from providing postsecondary benefits by state regulation rather than by state statute. *See* Compl. ¶¶ 97, 100. Indeed, the statute specifically governs "State authority" rather than private conduct and specifies an exclusive time when the "State may" make a particular eligibility determination. 8 U.S.C. § 1621(d). So all the same concerns that apply to § 1623 also apply to § 1621: contra the Third Circuit's decision in *Ocean County*, it regulates States alone by governing their eligibility determinations, and it would likewise commandeer the States. Those concerns are especially stark given the text of § 1621(d), since "Congress cannot issue direct orders to state legislatures." *Murphy v. NCAA*, 584 U.S. 453, 475 (2018). So the Federal Government's tertiary claims based on § 1621 fail too.

This Court should allow the State to move to dismiss.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:    */s/ September R. McCarthy*
       September R. McCarthy
       Deputy Attorney General

